IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

N'GENUITY ENTERPRISES CO.,          )
                                    )
            Plaintiff,              )
                                    )
      v.                            )      No.  11 C 5180
                                    )
CHICK-FIL-A,                        )
                                    )
            Defendant.              )

MEMORANDUM ORDER

This newly-filed action by N'Genuity Enterprises Co.
("N'Genuity") against Chick-Fil-A, Inc. ("Chick-Fil-A") has been
assigned to this Court's calendar pursuant to this Court's random
assignment system.  This memorandum order is issued sua sponte
because of a problematic aspect of that filing.

Complaint ¶¶6 and 7 properly confirm the existence of
federal subject matter jurisdiction on diversity of citizenship
grounds under 28 U.S.C. §1332(c)(1)[1] as well as federal question
grounds under Section 1331.  In the former respect, each party's
state of incorporation and the location of its principal place of
business coincide:  N'Genuity's are in Arizona, while Chick-Fil-
A's are in Georgia.

But all that Complaint ¶9 says about venue is this:

Venue in this Court is proper pursuant to 28 U.S.C.
§1391.

That skeletal assertion has naturally prompted this Court's

_____

      [1]   All further references to Title 28's provisions will
simply take the form "Section--."

concern as to just how the Northern District of Illinois is a suitable (let alone the most suitable) situs for this action.

On that score this Court's run-through of the interesting Complaint's federally-based claims--its Count I asserting trademark infringement, its Count II advanced under Lanham Act §43(a)(familiarly termed the federal law of unfair competition) and its Count IV claiming trademark dilution under the same section--discloses that N'Genuity has identified no Illinois nexus at all. And as for the Complaint's remaining counts, they simply advert to Illinois through brief unsupported ipse dixits (Count III asserts the deception of consumers as constituting unfair competition under Illinois common law, Count V asserts trademark dilution under Illinois law and Count VI claims unfair competition in violation of the Illinois Consumer Fraud and Deceptive Practices Act and the Illinois Unfair and Deceptive Trade Practices Act).

Those equally skeletal Illinois references frankly smack of bootstrapping, and indeed of forum-shopping, even on the premise that Chick-Fil-A is amenable to suit in this jurisdiction. Although this Court's customary practice with every action newly assigned to its calendar is to issue a threshold order setting an initial status hearing date 49 days after the date suit was filed, in this instance a much earlier explanation from N'Genuity's counsel is called for. And because its counsel is

also facially unconnected with this District (the Complaint lists

a Washington, D.C. address and telephone number), counsel is

ordered to call in to this Court at 8:45 a.m. August 15, 2011 to

provide an explanation of the choice of forum.[2]

_____
Milton I. Shadur
Senior United States District Judge

Date:  August 2, 2011

---

[2]  This Court's minute clerk Sandra Newland can be reached
at 312.435.5767, and N'Genuity's counsel is directed to call Ms.
Newland in advance of that date to confirm the expected
compliance with what is ordered here.